

Baker's contention that the statute under which he was convicted is unconstitutional because compliance would require him to incriminate himself is without merit. Turner v. United States, 1970, 396 U.S. 398, 90 S.Ct. 642, 24 L. Ed.2d 610; Minor v. United States, 1969, 396 U.S. 87, 90 S.Ct. 284, 24 L.Ed.2d 283. *See also* Salinas v. United States, 5 Cir. 1970, 424 F.2d 541; Esparza v. United States, 5 Cir. 1970, 423 F.2d 690; Oyervides v. United States, 5 Cir. 1970, 423 F.2d 1209; and United States v. Walker, 5 Cir. 1969, 414 F.2d 876. The judgment is

Affirmed.

Mrs. Dorothy Byrnes, pro se.

Francis L. Byrnes, pro se.

H. F. Foster, III, Robert N. Ryan, New Orleans, La., for defendants-appellees.

Before BROWN, Chief Judge, INGRAHAM and RONEY, Circuit Judges.

PER CURIAM:

Affirmed. See Local Rule 21.[1]

**Mrs. Dorothy BYRNES, wife of/and Francis L. Byrnes, Plaintiffs-Appellants,**

**v.**

**James W. BOSTICK, Jr., et al., Defendants-Appellees.**

**No. 30356**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Feb. 9, 1971.

**Charles Arthur GRAY, Petitioner-Appellee,**

**v.**

**Edward C. ELLSWORTH, Jr., Warden, Respondent-Appellant.**

**No. 25204.**

United States Court of Appeals, Ninth Circuit.

Feb. 3, 1971.

Rehearing Denied March 22, 1971.

Rehearing In Banc Denied March 29, 1971.

---

* Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409.

1. See NLRB v. Amalgamated Clothing Workers of America, 5 Cir., 1970, 430 F.2d 966.